IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN DENARO                                                                                         PLAINTIFF

v.                                    Civil No. 5:22-CV-05182

TIM HELDER, Sheriff, Washington County;
SYDNEY SIMMONS, Karas Medical;
SERGEANT JOHN PATRICK BOYD;
JANETT HANEY, Summit Food Service                                              DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff John Denaro filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1).   Pursuant to the provisions of 28 U.S.C. § § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purposes of report and recommendation.

Plaintiff is currently incarcerated at the Washington County Detention Center ("WCDC") serving a ninety-day sanction for a parole violation and pending his trial on state criminal charges. (ECF No. 1). The Court previously granted Plaintiff's *in forma pauperis* (IFP) application.   (ECF No. 6). This matter is now before the Court for preservice screening under 28 U.S.C. § 1915A, *et seq.*, of the Prisoner Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, the undersigned recommends that Plaintiff's claims concerning the

WCDC's electronic system, including its grievance and video court system; any claims against Sheriff Tim Helder; any claims alleging violations of 18 U.S.C. § 241; and all claims against the remaining defendants in their official capacity be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1). The undersigned will order service of Plaintiff's claim that he was denied a religious diet and his claim that he was deprived access to medical care in violation of his constitutionally protected rights by Defendants Sydney Simmons, Sergeant John Patrick Byrd, and Janett Haney, in their individual capacities.

## I.     BACKGROUND

Plaintiff's complaint alleges three claims for relief. First, Plaintiff claims that the WCDC's use of an electronic system for submitting requests and filing grievances and its video court platform violate his rights under the United States Constitution and 18 U.S.C. § 241. (ECF No. 1). Plaintiff names Defendants in their individual and official capacities, claiming that it is the custom, policy, or practice of Defendants to use these systems at the WCDC.

Second, Plaintiff alleges that he has been denied a religious diet in violation of his rights under the United States Constitution and 18 U.S.C. § 241. Plaintiff contends he submitted electronic grievances on August 10, 2022, at 6:04:33 PM, and August 11, 2022, at 2:45:53 PM, but Sergeant John Patrick Byrd denied him a religious diet on August 12, 2022, at 3:34:15 PM, and again on August 12, 2022, at 11:41:30 AM. Plaintiff claims he filed grievances for being denied a religious diet on August 20, 2022, at 1:05:59 PM, but he "was denied a religious diet by Janett Haney of Summitt [sic] Food Service Co. on August 24, 2022, at 1:05:59 PM." (ECF No. 1 at 6).

Finally, Plaintiff contends Defendants have denied him urgent medical care, alleging that

he has an abdominal hernia but has been denied access to care and access to his medical provider of choice, causing his injury to worsen. Plaintiff says he filed a grievance on August 26, 2022, at 4:43:04 PM, but Sydney Simmons of Karas Medical denied it on August 26, 2022, at 6:00:47 PM. Plaintiff claims he filed a grievance for urgent medical care on August 26, 2022, at 4:48:41 PM, but Sydney Simmons of Karas Medical denied it on August 26, 2022, at 6:00:21 PM.

Plaintiff names Defendants in their official and individual capacities as to all three claims. He requests declarative and injunctive relief in the form of an order requiring Defendants be advised on the rights of WCDC detainees and directing Defendants to uphold those rights. Plaintiff also requests compensatory damages for violating his constitutional rights and 18 U.S.C. § 241.

## II.   LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon,* 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III.     LEGAL ANALYSIS

**A.  Electronic Grievance Procedure and Electronic Video Court System**

Plaintiff contends WCDC's electronic system for submitting requests and filing grievances and WCDC's electronic video court system violate his constitutionally protected rights. These allegations fail as a matter of law.

First, "[t]o state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). It is well-established that "[a prison] grievance procedure is a procedural right only, [as] it does not confer any substantive right upon the inmates." *Id.* (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)). Accordingly, federal courts have held that failure to process grievances, without more, is not actionable under section 1983. *See Buckley*, 997 F.2d at 495; *see also Dockery v. Houston*, 229 F. App'x 428, 428 (8th Cir. 2007) (inmates cannot "sue [under § 1983] for allegedly false statements in a grievance response"); *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam) (the denial of grievances does not establish a substantive constitutional claim); *Moore v. Thurber*, 105 F.3d 663, 663 (8th Cir. 1997) (unpublished table opinion) (holding that the "district court properly dismissed as frivolous [plaintiff's] claim that his constitutional rights were violated when [prison officials] failed to adhere to its grievance regulations").

Here, Plaintiff complains about the medium through which grievances and requests are processed. It stands to reason, however, that if a grievance procedure does not confer a substantive right upon an inmate, then the method by which an inmate is directed to submit those grievances similarly does not confer a substantive right to the inmate. Thus, Plaintiff has failed to articulate a

violation of any constitutional right and this claim fails as a matter of law.

As a part of this claim, Plaintiff alleges that WCDC's electronic video court system violates his constitutional rights. Although *pro se* complaints are to be liberally construed, "the pleading must at a minimum be sufficient to give the defendant notice of the claim." *Tatum v. State of Iowa*, 822 F.2d 808, 810 (8th Cir. 1987); *see also* Fed. R. Civ. P. 8(a).   Here, Plaintiff offers scant factual support for this aspect of the claim, alluding to being given a court date "and receiving only a video screen or electronic 'e-mail' response or denial." (ECF No. 1 at 5).   Further, although Plaintiff references his right to a "public trial," he fails to allege any facts indicating how Defendants' use of WCDC's electronic video court system allegedly violates this right to a "public trial."   Factual allegations in a complaint need not be detailed but they must be sufficient "to raise a right to relief above a speculative level," which "requires more than labels and conclusions . . .." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Because Plaintiff's video court claim is conclusory, it fails as a matter of law.

A review of the publicly accessible state court records system, moreover, shows that Plaintiff has at least three pending criminal matters.   *State v. John Peter Denaro*, 72-CR-22-1970 (4th Cir. Div. 6 Aug. 22, 2022); *State v. John Peter Denaro*, 72-CR-22-1954 (4th Cir. Div. 6 Aug. 18, 2022), *State v. John Peter Denaro*, 72-CR-22-1583 (4th Cir. Div. 7 July 8, 2022).   To the extent that Plaintiff is claiming that WCDC's electronic video court system violates his constitutional right to a public trial in any of these criminal cases – or any other pending criminal case – the *Younger* abstention doctrine precludes this court from exercising jurisdiction over such a claim. *Younger v. Harris*, 401 U.S. 37, 54 (1971) (directing federal courts not to interfere with or intervene in state court criminal proceedings absent extraordinary circumstances).

Furthermore, to the extent that this claim concerns a criminal case for which he has already been sentenced, such a claim is barred by so-called "favorable termination" rule articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Thomas v. Eschen*, 928 F.3d 709, 710 (8th Cir. 2009) (explaining that under *Heck,* a claim is not cognizable under § 1983 "if it would undermine a still-valid state criminal judgment"). Accordingly, and for these reasons, Plaintiff's claim that WCDC's electronic video court system violates his constitutional rights must be dismissed.

### B. Claims against Sheriff Helder

Plaintiff names Sheriff Helder as a defendant in the remaining claims: that Plaintiff was denied a religious diet and was denied access to medical care. Plaintiff's claims against Sheriff Helder fail as a matter of law.

To establish a claim under 42 U.S.C. § 1983, Plaintiff must establish that each Defendant "personally violated plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Here, Plaintiff fails to allege any facts suggesting that Sheriff Helder was personally involved in any of the alleged violations of Plaintiff's constitutional rights. Rather, Plaintiff claims Sheriff Helder is liable because the alleged violations took place under Helder's "administration," *see* (ECF No. 1 at 6), and under Helder's "authority." (ECF No. 1 at 7). The doctrine of *respondeat superior*, however, does not apply to § 1983 cases. *See Jackson*, 747 F.3d at 543. In other words, under the law, Sheriff Helder cannot be held liable under § 1983 for the alleged constitutional violations of his subordinates simply because he is their supervisor.

A supervisor's liability arises only where:

He directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional

> rights. The plaintiff must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts. This requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.

*Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001). Plaintiff makes no specific allegations that Sheriff Helder was directly involved in the decisions to deny Plaintiff a religious diet or medical care, that a failure to train or supervise caused the alleged constitutional violations, or that Sheriff Helder was deliberately indifferent to the "offending acts." Plaintiff's allegations that Defendants "act[ed] under the authority of Sheriff Tim Helder," *see* (ECF No. 1, at 7), in depriving him of a religious diet, and that "the defendants have denied urgent medical care to the plaintiff causing pain and suffering under the authority of Sheriff Tim Helder," *see* (ECF No. 1, at 8), are merely conclusory. This Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's allegations are insufficient to establish a claim against Sheriff Helder. *See Walker v. Barrett*, 650 F.3d 1198, 1209 (8th Cir. 2011) ("[L]egal conclusions, without any supporting factual allegations, are insufficient to survive a motion to dismiss."). It is therefore recommended that the claims against Sheriff Helder be dismissed for failure to state a claim.

### C. Official Capacity Claims

Plaintiff names the remaining defendants – Sydney Simmons from Karas Medical, Sergeant John Patrick Byrd, and Janett Haney from Summit Food Service – in their individual and official capacities. Plaintiff's official capacity claims against these Defendants fail.

"Claims against individuals in their official capacities are equivalent to claims against the entity for which they work." *Gorman v. Bartsch*, 152 F.3d 907, 914 (8th Cir. 1998). Thus, a claim against Sergeant John Patrick Byrd is a claim against his employer, Washington County. Official

capacity claims against Sydney Simmons and Janett Haney are claims against Karas Medical and Summit Food Service, respectively.[1] To sustain an official capacity claim against such an entity, Plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (discussing a § 1983 claim against a third-party prison medical provider); *Sanders v. Sears, Roebuck &Co.*, 984 F.2d 972, 975-76 (8th Cir. 1992) ("[A] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies.").

Although Plaintiff contends it is the "policy of the Summit Food Service Company" to violate Plaintiff's civil rights by denying him a religious diet, such claims are merely conclusory. Plaintiff has failed to allege any facts that would even suggest that Summit Foods Service Company has any policy to deny pre-trial inmates a religious diet in violation of the inmates' constitutional rights. As such, this claim fails to state a cognizable claim. *See Barton v. Taber*, 820 F.3d 958, 963-64 (8th Cir. 2016) (to state a claim for relief, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Similarly, Plaintiff claims it is the "policy of Karas Medical Company in cooperation with the electronic grievance/request/video court system of the Washington County Detention Center to deny [Plaintiff's] civil rights under color of law." *See* (ECF No. 1, at 9). As

---

[1] As a preliminary matter, to establish a claim under 42 U.S.C. § 1983, the plaintiff must show that the "defendant deprived him of a constitutional right while acting 'under color of' state law." *Roudybush v. Zabel*, 813 F.2d 173, 176 (8th Cir. 1987). Although it appears that Karas Medical and Summit Food Service are private corporations, for the limited purpose of preservice screening under 28 U.S.C. § 1915A(a), this Court assumes, but does not decide, that they—and their employees—are acting under color of law in performing their functions at the WCDC. *See, e.g.*, *Wilmoth v. Aramark Correctional Services, LLC*, Civil No. 10-5048, 2012 WL 4472147, at * 5 (W.D. Ark. Aug. 16, 2012) (concluding that private food contractor for a detention facility is acting under color of law for purposes of §1983 liability where detention center has constitutional obligation to provide nutritional food to inmates and detention center contracted that responsibility to private third party) (citing *West v. Atkins*, 487 U.S. 42, 57 (1988)), *report and recommendation adopted by* (W.D. Ark. Sept. 27, 2012).

noted above, inmates do not have a constitutionally protected right to a grievance procedure. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Thus, to the extent that Plaintiff alleges that Karas Medical Company's policy to utilize WCDC's electronic grievance procedure violates Plaintiff's constitutional rights, this claim is unavailing. Finally, Plaintiff has failed to allege any facts suggesting it is the policy or custom of Karas Medical Company to deprive inmates of medical care in violation of their constitutional rights. Thus, each of these official capacity claims fail.

### D. Claims Alleging Violations of 18 U.S.C. § 241

Plaintiff also alleges Defendants' conduct violated 18 U.S.C. § 241. Section 241 makes it a crime for two or more persons to conspire to violate constitutional or statutory rights. 18 U.S.C. § 241. As such, the Attorney General and the Justice Department are charged with enforcing this provision. Section 241 does not create a private right of action, meaning that a private party – such as Plaintiff – has no authority to seek enforcement of this provision. *See Mousseaux v. U.S. Com'r of Indian Affairs*, 806 F. Supp. 1433, 1437 (D.S.D. 1992), *aff'd in part, remanded in part sub nom. Mousseaux v. United States*, 28 F.3d 786 (8th Cir. 1994); *see also Crosby v. Catret*, 308 F. App'x 453, 453 (D.C.D. 2009) (per curiam) (concluding that "the district court properly rejected [plaintiff's] attempt to invoke 18 U.S.C. § 241 and 18 U.S.C. § 242 to initiate a prosecution against the named defendants because there is no private right of action under these criminal statutes"). Because 18 U.S.C. § 241 does not create a private right of action, Plaintiff's claims alleging violations of § 241 fail as a matter of law.

### IV.   CONCLUSION

In sum and for all the reasons outlined above, the undersigned recommends that the

following claims be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim: (1) Plaintiff's claim concerning the WCDC's electronic system for submitting requests and responding to grievances, and WCDC's electronic video court system; (2) Plaintiff's claims against Sheriff Tim Helder; (3) Plaintiff's claims against Defendants in their official capacities; and (4) any claim alleging a violation of 18 U.S.C. § 241.

This Court will issue a separate order directing service of the remaining claims in the Complaint – Plaintiff's claim he was denied a religious diet and his claim that he was deprived access to medical care in violation of his constitutional rights – on Defendants Sydney Simmons, Sergeant John Patrick Byrd, and Janett Haney in their individual capacities only.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 24th day of October 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE