IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN DENARO                                                PLAINTIFF

v.                  Civil No. 5:22-CV-05182

SYDNEY SIMMONS, Karas Medical;
SERGEANT JOHN PATRICK BOYD;
JANETT HANEY, Summit Food Service               DEFENDANTS

**MAGISTRATE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

## I.      BACKGROUND

Plaintiff filed his Complaint (ECF No. 1) and application to proceed *in forma pauperis* (IFP) (ECF No. 2) on September 6, 2022. That same day, the Court issued an Order directing the Clerk to file Plaintiff's Complaint and IFP application and directing Plaintiff to maintain current contact information with the Court. (ECF No. 3). The Order specifically directed Plaintiff to update the Court within thirty (30) days of any change in his contact information, failing which it would be recommended that this matter would be subject to dismissed. *Id.* The Order further directed Plaintiff to submit additional financial information, specifically a certificate of inmate

1

account and assets (to be completed by the institution of incarceration) so that this Court properly could consider Plaintiff's IFP application. *Id.* The Order was not returned as undeliverable.

The Court received Plaintiff's complete IFP application on September 28, 2022. (ECF No. 5). The Court subsequently granted Plaintiff's motion to proceed IFP and directed the Clerk to collect the filing fee pursuant to 28 U.S.C. § 1915(b). *Id.* The Court used this Order as a reminder to Plaintiff of his obligation to inform the Court of any change in address and the possibility his action could be dismissed if he failed to keep the Court notified. (ECF No. 6). This order was not returned as undeliverable.

Upon preservice screening pursuant to 28 U.S.C. § 1915A(a), the undersigned that several of Plaintiff's claims be dismissed for failure to state a claim as a matter of law but directed service of Plaintiff's remaining claims. (ECF Nos. 8 & 9). On October 31, 2022, the copy of the Report and Recommendation which had been mailed to Plaintiff was returned undeliverable and marked "RTS not at facility." (ECF No. 11). Consistent with the Court's prior orders, Plaintiff's deadline for submitting updated contact information was November 30, 2022. To date, Plaintiff has failed to inform the Court of his current address. Since completion and submission of his IFP application on September 28, 2022, (ECF No. 5), Plaintiff has not otherwise communicated with the Court. In addition to return of the Report and Recommendation, the Court's order directing service was returned undeliverable on October 31, 2022 (ECF No. 12) as well as U.S. District Court Judge Brooks' Order adopting the Report and Recommendation which was returned undeliverable on November 30, 2022. (ECF No. 17).

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2) and as directed by this Court twice. Thus, Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of December 2022.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE